**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL FINANCIAL PARTNERS CORP., ) ) ) a Delaware corporation, ) ) Plaintiff, ) ) v. ) ) PAYCOM SOFTWARE, INC., ) ) a Delaware corporation, ) ) Defendant. ) | Civil Action No. 14 cv 7424<br><br>Judge<br><br>Magistrate Judge<br><br>JURY DEMANDED |

**COMPLAINT**

Plaintiff National Financial Partners Corp. ("NFP"), for its Complaint against Defendant Paycom Software, Inc. ("Paycom"), states as follows:

**THE PARTIES**

1. NFP is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 500 West Madison Street, Suite 2400, Chicago, Illinois 60661.

2. Upon information and belief, Paycom is also a corporation organized and existing under the laws of the State of Delaware, registered to do business in the State of Illinois, and has a place of business at 321 North Clark Street, Suite 1020, Chicago, Illinois 60654.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121, as it involves substantial claims arising under

the Lanham Act, 15 U.S.C. § 1051 *et seq.,* together with other related claims under state law. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b), since those claims are joined with substantial and related claims under federal law.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein have occurred, and continue to occur, in this judicial district. Venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) as these causes of action, based upon information and belief, arise as a result of Paycom's doing and transacting business within this district, by unlawfully offering to sell and/or making its products and services available within this district, by unlawfully promoting an infringing designation to prospective purchasers within this district, and/or by unlawfully marketing its products and services to prospective purchasers within this district.

5. This Court has personal jurisdiction over Paycom, which is located in, and conducts business within, the State of Illinois and within this judicial district.

## **NATURE OF ACTION**

6. This is an action against Paycom for the infringement of one or more federally registered trademarks in violation of 15 U.S.C. § 1114(1); for unfair competition arising out of the use of false designations of origin and false and misleading descriptions and representations in violation of 15 U.S.C. § 1125(a); for statutory deceptive trade practices in violation of 815 ILCS 510/1 *et seq.*; for statutory consumer

2

fraud and deceptive business practices in violation of 815 ILCS 505/1; and for unfair competition in violation of the common law of the State of Illinois.

**FACTS**

7.  NFP is a leading supplier of employee benefits and human resources services (including employee benefit and retirement plan brokerage and consulting services, employee health insurance services, and payroll processing and administration services) for companies of all sizes. For nearly fifteen years, NFP has been an industry leader in the financial services sector, representing corporate clients and high net worth individuals and providing advisory services to independent financial advisors.

8.  In approximately 2010, NFP adopted and began using in commerce an inherently distinctive logo consisting of two interlocking "C" shapes, with one of the "C" shapes being dark green and the other "C" shape being a lighter shade of green, as shown below (the "NFP Logo Mark"):



9.  NFP has invested substantial time and effort and expense in advertising and promoting its services provided under the NFP Logo Mark throughout the United States. As a result, the NFP Logo Mark comprises an extremely valuable asset belonging solely and exclusively to NFP. Each year, NFP generates revenues in

excess of one billion dollars from services provided in the United States, in association with the NFP Logo Mark.

10. NFP's widespread, consistent and continuous use of the NFP Logo Mark has led NFP to acquire substantial distinctiveness and goodwill in the marketplace. As a result, NFP enjoys the exclusive right to use the NFP Logo Mark in the United States in connection with the services provided by NFP as well as other related financial products and services.

11. NFP has obtained multiple federal trademark registrations covering the NFP Logo Mark. Specifically, NFP owns the following federal trademark registrations:

| Trademark | Reg. No. | Covered Services |
|---|---|---|
| [NFP Logo] | 4,094,886 | Class 35: advertising and marketing services in the field of insurance; and business consultation services for financial organizations in the fields of business portfolio management, analyzing and compiling data for measuring the performance of financial markets, business feasibility proposal generation, tracking and monitoring insurance compliance and business risk management.<br><br>Class 36: brokerage and consulting services for employee benefits concerning insurance and finance, namely, health insurance, ancillary insurance and retirement plans; brokerage, consulting and administrative services for executive benefit plans concerning insurance and finance; brokerage services for property and casualty insurance; brokerage services for annuities, disability, long term care and life insurance; insurance brokerage services for financial institutions; insurance agency services; advisory services in the fields of investment, wealth management, retirement planning and life insurance settlement; advisory services in the fields of broker-dealers insurance brokerage, registered financial investments, mutual funds, securities, annuities, alternative financial investments, hedge funds, options, and separate retirement account management; and financial due diligence services for investment products and managers. |

| | | |
|---|---|---|
| (NFP logo) | 4,094,887 | <u>Class 35</u>: advertising and marketing services in the field of insurance; and business consultation services for financial organizations in the fields of business portfolio management, analyzing and compiling data for measuring the performance of financial markets, business feasibility proposal generation, tracking and monitoring insurance compliance and business risk<br><br><u>Class 36</u>: brokerage and consulting services for employee benefits concerning insurance and finance, namely, health insurance, ancillary insurance and retirement plans; brokerage, consulting and administrative services for executive benefit plans concerning insurance and finance; brokerage services for property and casualty insurance; brokerage services for annuities, disability, long term care and life insurance; insurance brokerage services for financial institutions; insurance agency services; advisory services in the fields of investment, wealth management, retirement planning and life insurance settlement; advisory services in the fields of broker-dealers insurance brokerage, registered financial investments, mutual funds, securities, annuities, alternative financial investments, hedge funds, options, and separate retirement account management; and financial due diligence services for investment products and managers |
| NFP (logo) | 4,094,885 | <u>Class 35</u>: advertising and marketing services in the field of insurance; and business consultation services for financial organizations in the fields of business portfolio management, analyzing and compiling data for measuring the performance of financial markets, business feasibility proposal generation, tracking and monitoring insurance compliance and business risk management.<br><br><u>Class 36</u>: brokerage and consulting services for employee benefits concerning insurance and finance, namely, health insurance, ancillary insurance and retirement plans; brokerage, consulting and administrative services for executive benefit plans concerning insurance and finance; brokerage services for property and casualty insurance; brokerage services for annuities, disability, long term care and life insurance; insurance brokerage services for financial institutions; insurance agency services; advisory services in the fields of investment, wealth management, retirement planning and life insurance settlement; advisory services in the fields of broker-dealers insurance brokerage, registered financial investments, mutual funds, securities, annuities, alternative financial investments, hedge funds, options, and separate retirement account management; and financial due diligence services for investment products and managers. |
| NFP (logo) | 4,097,433 | <u>Class 35</u>: advertising and marketing services in the field of insurance; and business consultation services for financial organizations in the fields of business portfolio management, analyzing and compiling data for measuring the performance of financial markets, business feasibility proposal generation, tracking and monitoring insurance compliance and business risk management<br><br><u>Class 36</u>: brokerage and consulting services for employee |

| | | |
|---|---|---|
| | | benefits concerning insurance and finance, namely, health insurance, ancillary insurance and retirement plans; brokerage, consulting and administrative services for executive benefit plans concerning insurance and finance; brokerage services for property and casualty insurance; brokerage services for annuities, disability, long term care and life insurance; insurance brokerage services for financial institutions; insurance agency services; advisory services in the fields of investment, wealth management, retirement planning and life insurance settlement; advisory services in the fields of broker-dealers insurance brokerage, registered financial investments, mutual funds, securities, annuities, alternative financial investments, hedge funds, options, and separate retirement account management; and financial due diligence services for investment products and managers |

Copies of the certificates of registration for these marks issued by the United States Patent and Trademark Office are attached as Exhibit A.

12. In addition to the services recited in the U.S. registrations noted above, since at least as early as January 2012, NFP has used the NFP Logo Mark in association with payroll processing and administration services. As a result, NFP has acquired valuable trademark rights in the NFP Logo Mark under the common law in association with providing payroll processing and administration services associated therewith.

13. Upon information and belief, Paycom has been in operation since 1998, and has continued to offer financial products and services since that time.

14. Upon information and belief, sometime in 2014, Paycom adopted and began using the following logo in association with its financial products and services (the "Infringing Design"):

6



15.   Paycom's website homepage, among other pages that are part of its website, prominently features the Infringing Design (see http://paycom.com).  Further, upon information and belief, Paycom has incorporated the Infringing Design into signage appearing on the front of Paycom's corporate headquarters and other corporate facilities, and widely uses the Infringing Design in advertising and promotion for its financial products and services.

16.   On June 12, 2014, Paycom filed service mark Application Serial No. 86/308,389 for the Infringing Design, alleging use of the Infringing Design in commerce since at least as early as February 28, 2014 in association with the following services:

> Payroll processing services; Payroll administration and management services; Human resources management; performing employee benefits administration, namely, calculating, collecting and depos[]iting payroll taxes for federal, state and local jurisdictions, preparation and submission of payroll tax returns and compliance reports, employee pension and retirement funds administration, employee health insurance administration, namely preparing and transmission of initial notices and election notices to applicable employees and respond to employee questions regarding health insurance administration and employee flexible spending accounts administration for others" in International Class 35.

17.   Paycom's services used in association with Paycom's Infringing Design are closely related to, if not identical to, the financial services offered by NFP in association with the NFP Logo Mark.

18.   As shown below, the NFP Logo Mark and Paycom's Infringing Design are highly similar in overall visual appearance and commercial impression.  Specifically,

both the NFP Logo Mark and the Infringing Design are comprised of two interlocking "C" shapes, with one of the "C" shapes being dark green and the other "C" shape being a lighter shade of green. While Paycom's Infringing Design adds an additional leg to one of the "C" shapes, that slight change does not substantially alter the overall commercial impression of the mark. Without question, any minor differences between the marks are outweighed by the common use of two interlocking "C" shapes colored in dark and light green shades, which serves to create the same highly distinctive visual impression—in association with the very same financial services.

    

**NFP Logo Mark**            **Infringing Design**

19. Upon information and belief, Paycom has been aware, since prior to the acts complained of herein, of the significant goodwill represented and symbolized by the NFP Logo Mark and of the public recognition and reliance upon the NFP Logo Mark as identifying the services of NFP, and as distinguishing NFP's services from those of others.

20. Notwithstanding such knowledge, upon information and belief, Paycom has intentionally and/or recklessly encroached upon the NFP Logo Mark by adopting the Infringing Design, by using the Infringing Design on its website and in its advertising and marketing materials, and by offering for sale and selling financial products and services under the Infringing Design, all with the intent to trade upon the goodwill

associated with the NFP Logo Mark, and to confuse and mislead the public into believing that Paycom's financial products and services originate or emanate from or are affiliated with NFP, and/or that they have been sponsored or approved by NFP.

21. On information and belief, Paycom's use of the Infringing Design is likely to create confusion in the marketplace among purchasers and prospective purchasers of NFP's services. Indeed, Paycom's use of the Infringing Design in the marketplace has already created actual confusion in the marketplace, generating inquiries into the nature of the purported relationship between NFP and Paycom, in view of Paycom's use of a logo which is confusingly similar to the NFP Logo Mark.

22. NFP has been damaged and is likely to be further damaged by Paycom's wrongful use of the Infringing Design, in that the relevant purchasing public has been and is likely to continue to be induced into purchasing Paycom's financial products and services in the erroneous belief that those financial products and services originate or emanate from or are somehow endorsed, sponsored, or approved by NFP, which they are not.

## CLAIMS FOR RELIEF

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114(1))

23. NFP repeats and realleges paragraphs 1 through 22 above as if fully set forth herein.

24. NFP's federally registered NFP Logo Mark is inherently distinctive, and has continued to acquire substantial distinctiveness and goodwill in the marketplace through NFP's use of that mark in commerce. As a result of NFP's widespread and

continuous use of the NFP Logo Mark, the NFP Logo Mark has become associated in the minds of the relevant purchasing public with NFP.

25. Paycom has used the Infringing Design in association with a variety of financial products and services, including services relating to, employee benefits administration services, employee pension and retirement funds administration services, employee health insurance administration services, and payroll processing and administration services. NFP's and Paycom's respective services are closely related, inasmuch as both parties' services are marketed and provided to businesses that provide health insurance and pension and retirement benefit plans for their employees.

26. Paycom's use of the Infringing Design has caused, and is likely to cause, confusion in the minds of the consuming public, leading the public to believe that Paycom's financial products and services emanate or originate from NFP and/or that NFP has approved, sponsored or otherwise associated itself with Paycom, which is false.

27. Upon information and belief, Paycom's adoption and use of the Infringing Design has exploited, and is intended to exploit, the goodwill and reputation associated with the NFP Logo Mark and to take competitive advantage of NFP without Paycom's own expenditure of resources, and thus constitutes willful infringement of the NFP Logo Mark.

28. NFP has no control over the quality of the financial products or services provided by Paycom in association with the Infringing Design. Because of the likelihood of confusion as to the source of Paycom's financial products and services, NFP's

valuable goodwill in the NFP Logo Mark is at the mercy of Paycom's unauthorized use of the confusingly similar Infringing Design.

29. Paycom's aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to NFP.

30. NFP has no adequate remedy at law for the wrongful acts of Paycom.

31. As a result of Paycom's actions, NFP has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## **COUNT II**

### **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))**

32. NFP repeats and realleges paragraphs 1 through 31 above as if fully set forth herein.

33. The aforesaid acts of Paycom constitute the use in commerce of names and designs, and of false designations of origin and false or misleading descriptions and representations associated with NFP's registered and/or common law trademarks or servicemarks, all in violation of 15 U.S.C. § 1125(a).

34. Paycom's aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to NFP.

35. NFP has no adequate remedy at law for the wrongful acts of Paycom.

36. As a result of Paycom's actions, NFP has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## COUNT III

## DECEPTIVE TRADE PRACTICES
### (815 ILCS 510/1 *et. seq.*)

37. NFP repeats and realleges paragraphs 1 through 36 above as if fully set forth herein.

38. Paycom's use of the Infringing Design in association with financial products and services constitutes a deceptive trade practice in violation of 815 ILCS 510/2 *et seq.* insofar as it:

(a) passes off Paycom's financial products and services as those of NFP;

(b) causes actual confusion and/or a likelihood of confusion or of misunderstanding, as to the source, sponsorship, approval or certification of Paycom's financial products and services; and/or

(c) causes actual confusion and/or a likelihood of confusion or of misunderstanding, as to the source of, affiliation, connection or association with, or certification of Paycom by NFP .

39. Paycom's acts constitute deceptive trade practices in that those acts in trade and commerce use and employ practices set out in Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

40. Upon information and belief, Paycom has willfully engaged in the aforesaid deceptive trade practices.

41. Paycom's aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to NFP.

42. Paycom's statutory violations and other wrongful acts have injured and will continue to injure NFP, by imparting a loss of customers, a dilution of goodwill, confusion and/or a likelihood of confusion among existing and potential customers, injury to NFP's reputation, and diminution in the value of the NFP Logo Mark.

43. Paycom has realized revenue and profits by virtue of its wrongful acts that it otherwise would not have obtained and to which it is not entitled.

44. NFP has no adequate remedy at law for the wrongful actions of Paycom.

45. As a result of Paycom's actions, NFP has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## COUNT IV

### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES
### (815 ILCS 505/1 *et. seq.*)

46. NFP repeats and realleges paragraphs 1 through 45 above as if fully set forth herein.

47. Paycom's use of the Infringing Design in association with financial products and services constitutes a deceptive business practice in violation of 815 ILCS 505/2 *et seq.* insofar as it:

(a) passes off Paycom's financial products and services as those of NFP;

(b) causes actual confusion and/or a likelihood of confusion or of misunderstanding, as to the source, sponsorship, approval or certification of Paycom's financial products and services; and/or

(c) causes actual confusion and/or a likelihood of confusion or of misunderstanding, as to the source of, affiliation, connection or association with, or certification of Paycom by NFP.

48. Paycom's wrongful acts stated above constitute deceptive business practices in in violation of 815 ILCS 505/2.

49. Upon information and belief, Paycom has willfully engaged in the aforesaid deceptive business practices.

50. Paycom's aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to NFP.

51. Paycom's statutory violations and other wrongful acts have injured and continue to injure NFP, by imparting a loss of customers, a dilution of goodwill, confusion and/or a likelihood of confusion amongst existing and potential customers, injury to NFP's reputation, and diminution in the value of NFP's trademarks.

52. Paycom has realized revenue and profits by virtue of its wrongful acts that it otherwise would not have obtained and to which it is not entitled.

53. NFP has no adequate remedy at law for the wrongful actions of Paycom.

54. As a result of Paycom's actions, NFP has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

55. NFP repeats and realleges paragraphs 1 through 54 above as if fully set forth herein.

56. Paycom's use of the Infringing Design is being done with the intent to palm off Paycom's financial products and services as originating or emanating from, or having the sponsorship, affiliation or approval of, NFP, in order to trade on the goodwill created by NFP in the NFP Logo Mark.

57. Paycom's unauthorized use of the Infringing Design constitutes the common law tort of unfair competition.

58. The aforesaid acts of Paycom constitute the provision and passing off of its financial products and services as NFP's services, as well as the infringement, imitation, and misappropriation of NFP's trademarks, together with unfair competition with NFP, all in violation of NFP's rights at common law.

59. Paycom's aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause, great and irreparable injury to NFP.

60. NFP has no adequate remedy at law for the wrongful acts of Paycom.

61. Upon information and belief, Paycom's wrongful conduct is oppressive, fraudulent, malicious and willful, entitling NFP to an award of punitive damages and/or attorneys' fees.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff NFP prays for judgment against Paycom as follows:

1. That Paycom and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns, be both preliminarily and permanently enjoined from directly or indirectly:

      a.    using the Infringing Design, or any reproduction, counterfeit, copy, or colorable imitation of same, in connection with the provision of financial products and/or services;

      b.    using the Infringing Design, or any other design or trademark that is confusingly similar to the NFP Logo Mark, in any manner likely to cause others to believe that Paycom's financial products and/or services are endorsed or sponsored by or affiliated with NFP; and

      c.    continuing to own, use, or operate any website associated with the Infringing Design, or any other design or trademark that is confusingly similar to the NFP Logo Mark.

2.    That Paycom, and any and all persons controlled by or acting in concert with Paycom, be required to deliver to NFP for destruction all materials that bear or depict the Infringing Design or any other design or trademark that is confusingly similar to the NFP Logo Mark, or that are otherwise in violation of this Court's order issued pursuant hereto.

3.    That Paycom be required to account to NFP for Paycom's sales and profits from its provision of financial products and services under the Infringing Design, and for such sum in addition thereto as the Court and/or jury shall find just.

4.    That this case be found exceptional and that NFP be awarded its attorney's fees pursuant to 15 U.S.C. § 1117(a).

5.    That Paycom be required to disgorge its profits and other ill-gotten gains resulting from its wrongful conduct.

6. That NFP recover all taxable costs of this action, including reasonable attorney's fees and both pre- and post-judgment interest.

7. That NFP be awarded punitive damages in view of Paycom's wanton and deliberate illegal acts committed with oppression, fraud, or malice.

8. That NFP be awarded such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff NFP demands a jury trial on all issues triable by a jury.

Dated: September 23, 2014     Respectfully submitted,

/s/ Richard D. Harris
Richard D. Harris (ARDC No. 1137913)
Jeffrey P. Dunning (ARDC No. 6273364)
Matthew J. Levinstein (ARDC No. 6300343)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400
(312) 456-8435 (fax)

Attorneys for Plaintiff NATIONAL FINANCIAL PARTNERS CORP.