IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL FINANCIAL PARTNERS CORP., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 14-cv-7424 |
| v. | ) ) | Judge Kennelly |
| PAYCOM SOFTWARE, INC., and PAYCOM PAYROLL, LLC, | ) ) ) ) | Magistrate Judge Schenkier |
| Defendants. | ) ) | |

**PLAINTIFF NATIONAL FINANCIAL PARTNERS CORP.'S MOTION FOR PROTECTIVE ORDER AND/OR TO EXCLUDE UNTIMELY EXPERT TESTIMONY ON THE ISSUE OF IRREPARABLE HARM**

Plaintiff National Financial Partners Corp. ("NFP"), by and through its undersigned counsel, hereby moves the Court to enter a protective order and/or exclude expert testimony on the issue of irreparable harm which Defendants Paycom Software, Inc. and Paycom Payroll, LLC (collectively "Defendants") have indicated they wish to rely on at the May 7, 2015 hearing on NFP's Motion for Preliminary Injunction (Dkt. No. 15), due to Defendant's failure to comply with the expert disclosure requirements of Fed. R. Civ. P. 26(a)(2). In support of its motion, NFP states as follows:

**I.    BACKGROUND**

NFP filed its Motion for Preliminary Injunction (Dkt. No. 13) on October 15, 2014. The Court deferred hearing NFP's Motion for Preliminary Injunction pending the resolution of Defendants' Motion to Transfer under 28 U.S.C. § 1404 (Dkt. No. 20), which was denied by the Court on February 15, 2015 (Dkt. No. 38). The Court subsequently scheduled a hearing on NFP's Motion for Preliminary Injunction for May 7-8, 2015 (Dkt. No. 40), and directed the parties to confer regarding a schedule for limited pre-hearing discovery.

1

On March 3, 2015, the parties filed a Joint Status Report setting out their proposed schedules for pre-hearing discovery (Dkt. No. 41). On March 6, 2015, the Court adopted Defendants' proposed schedule (Dkt. No. 42), which provided as follows with regard to expert discovery:

| Action | Deadline |
|---|---|
| Identification of Burden Experts (if any) | April 3, 2015 |
| Burden Expert Reports Due | April 13, 2015 |
| Rebuttal Expert Reports Due | April 20, 2015 |
| Expert Depositions Completed | April 27, 2015 |

In accordance with the schedule set by the Court, on April 3, 2015 NFP timely identified Dr. Michael Rappeport as its expert to provide testimony on the issue of likelihood of confusion at the May 7 hearing (Ex. 1). Defendants did not identify any experts on which they intended to rely on or before the April 3 deadline for identifying expert witnesses.

NFP timely served a copy of Dr. Rappeport's expert report on Defendants on April 13, 2015 (Ex. 2). The scope of Dr. Rappeport's expert report is limited to the issue of likelihood of confusion, which the Court must consider to determine whether NFP is likely to succeed on the merits of its trademark infringement claims. Specifically, Dr. Rappeport conducted a trademark survey relevant to the issue of likelihood of confusion (Id.). Defendants did not serve any expert reports on or by the April 13, 2015 deadline.

After the April 3 expert disclosure deadline, on April 9, Defendants advised NFP verbally that Defendants intended to present opinion testimony from Jeffrey Andrien regarding the issue of "irreparable harm" at the May 7 hearing. Defendants then served NFP with an undertaking from Mr. Andrien under the Agreed Confidentiality Order on April 15. NFP advised Defendants in writing on April 16 that such testimony is impermissible because Defendants failed to comply with the Court's expert disclosure schedule (Ex. 3). NFP further advised Defendants that the

proposed expert testimony on the issue of irreparable harm does not qualify as rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D), because NFP has neither indicated any intent to rely on expert opinions relating to that issue, nor has it tendered its own expert report on the subject of irreparable harm (Id.). Defendants responded by e-mail on April 17, confirming their intent to rely on Mr. Andrien's opinions at the May 7 hearing, and claiming that the Court's expert disclosure deadlines "did not apply to them" (Ex. 4).[1] Counsel for the parties conferred telephonically regarding this issue on April 20, and Defendants' counsel confirmed that Defendants intend to seek to introduce testimony from Mr. Andrien at the May 7 hearing.

## II. DEFENDANT'S PROPOSED EXPERT TESTIMONY ON THE ISSUE OF "IRREPARABLE HARM" IS UNTIMELY AND DOES NOT QUALIFY AS REBUTTAL UNDER RULE 26(a)(2)(D)

As discussed below, Fed. R. Civ. P. 26(a)(2)(A) unambiguously requires a party to disclose any expert opinion testimony on which it wishes to rely in accordance with the schedule set by the Court. Further, Rule 26(a)(2)(D) clearly provides that a party may offer rebuttal expert testimony only on "the same subject matter" for which another party has previously disclosed its own expert testimony. Paycom failed to identify Mr. Andrien as an expert witness by April 3, nor did it produce an expert report from him by April 13. NFP has not disclosed any intent to rely on expert testimony on the issue of irreparable harm. As a result, Paycom is precluded from offering expert testimony on the issue of irreparable harm under a claim of rebuttal.

Under Fed. R. Civ. P. 26(c), courts can grant protective orders to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Courts have granted

---

[1] While Defendants have not yet served NFP with a copy of Mr. Andrien's expert report, Defendants' April 17 e-mail (Ex. 4) indicates that Paycom intends to do so by the April 20 deadline. In view of the extremely limited timeframe for the parties to complete expert discovery under the schedule entered by the Court (seven days), NFP has filed this motion in advance of receipt of that report, in order to obtain a ruling from the Court prior to the close of the period provided for expert discovery. Assuming that Paycom does serve an expert report from Mr. Andrien on or before April 20, NFP will supplement the record by filing a copy of that report with the Court, prior to the scheduled hearing on this motion.

protective orders to preclude parties from offering untimely expert reports. *See, e.g., Bone Care Int'l., LLC v. Pentech Pharm. Inc.*, No. 08 C 1083, 2010 WL 440655 (N.D. Ill. Feb. 4, 2010). Courts in this District have also granted motions to strike expert reports improperly submitted under the guise of "rebuttal". *See, e.g., Shen Wei (USA) Inc. v. Sempermed USA, Inc.*, No. 05 C 6004, 2009 WL 674364, at *21 (N.D. Ill. March 12, 2009); *Stanfield v. Dart*, No. 10 C 6569, 2013 WL 589222, at *4 (N.D. Ill. Feb. 14, 2013).

Fed. R. Civ. P. 26(a)(2) requires that a party disclose "the identity of ***any*** witness it may use at trial" to provide opinion testimony, in accordance with the schedule set by the Court (emphasis added). Defendants did not disclose any intention to rely on opinions from Mr. Andrien on the issue of "irreparable harm" by April 3 in accordance with the schedule entered by this Court, nor did Defendants serve an expert report from Mr. Andrien by April 13. As a result, under Fed. R. Civ. P. 37(c)(1), Defendants may not rely on expert testimony from Mr. Andrien (or anyone else) on the issue of irreparable harm at the May 7 hearing, unless their failure to timely disclose their intent to rely on Mr. Andrien was substantially justified or harmless.

While Defendants claim that Mr. Andrien's proposed testimony on the issue of irreparable harm is permissible under the guise of "rebuttal", their position contradicts the Federal Rules. Fed. R. Civ. P. 26(a)(2)(D) clearly limits the scope of rebuttal expert testimony to evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Thus, the scope of a rebuttal expert report is "limited to contradicting or rebutting evidence on the same subject matter identified by another party in its expert disclosures." *Butler v. Sears Roebuck & Co.*, No. 06 C 7023, 2010 WL 2697601, at *1 (N.D. Ill. July 7, 2010) (citing Fed. R. Civ. P. 26(a)(2)(C)); *see also Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, No. 03 C 7713, 2005 WL 1300763, at *2 (N.D. Ill. Feb. 22,

2005) ("in [a party's] rebuttal expert report, it presents expert opinions refuting the arguments made by the opposing party in its initial expert report"). NFP has not disclosed, and does not intend to rely on at the May 7 hearing, any expert opinions concerning the issue of irreparable harm. As such, any expert opinions which Defendants may disclose from Mr. Andrien on the issue of irreparable harm do not qualify as "rebuttal" evidence under Rule 26(a)(2)(D).

Defendants' attempt to cloak an untimely expert report as a "rebuttal" report is unjustified and would result in significant prejudice to NFP. As noted above, the deadline for the parties to complete expert discovery is April 27, 2015. If Defendants are permitted to rely on an expert report from Mr. Andrien on the issue of irreparable harm (which, again, is not a "rebuttal" report), NFP will not have any reasonable opportunity under this Court's schedule to retain its own expert to rebut Mr. Andrien's opinions, prepare a rebuttal report, and make its rebuttal expert available to be deposed, all within a period of seven days. As such, Defendants' intended reliance on expert testimony from Mr. Andrien on the issue of irreparable harm would result in substantial prejudice to NFP. *See Bone Care Int'l, LLC v. Pentech Pharm., Inc.*, No. 08C1083, 2010 WL 2836981, at *1 (N.D. Ill. July 16, 2010) (holding that Plaintiffs would suffer prejudice if the Court allowed Defendants to submit a new expert declaration because Plaintiffs "would not have time to consult with their attorneys and experts, to file an additional report or rebuttal, or to sufficiently address [Defendants' expert declaration] in some other way before trial"). Such "trial by ambush" is not permitted under the Federal Rules.

While Defendants claim in their April 17 e-mail (Ex. 4) that the Court's "deadlines do not apply to them" because Defendants "do not bear the burden of disproving that NFP has suffered irreparable harm," Defendants identify no authority which supports their position. Rule 26(a)(2)(A) and (D) are clear and unambiguous that all expert opinions on which a party intends

to rely must be disclosed in a timely initial expert report, unless those opinions "refut[e] the arguments made by the opposing party in its initial expert report" and thus qualify as rebuttal. *Baldwin Graphic Sys.*, 2005 WL 1300763, at *2. Defendants appear to contend that they may offer expert opinions on any issue for which they do not bear the burden of proof under the guise of "rebuttal", regardless of whether NFP has submitted its own expert report on that issue. However, the word "burden" does not appear anywhere in Rule 26(a)(2), and Defendants' position is not supported by any authority. The mere fact that the March 3 Joint Status Report included a reference to "Burden Experts" does not override the unambiguous provisions of Rule 26(a)(2), which clearly limits the scope of "rebuttal" opinions to just that – opinions intended to rebut another party's expert.

Accordingly, Defendants' failure to serve an expert report disclosing Mr. Andrien's opinions regarding the issue of irreparable harm by the April 13 deadline was neither harmless nor substantially justified, and Rule 37(c)(1) requires the Court to exclude such testimony at the May 7 hearing.

### III. CONCLUSION

NFP respectfully requests that this Court enter a protective order precluding Defendants from offering expert testimony on the issue of irreparable harm at the May 7 hearing, and strike any expert report from Mr. Andrien regarding that issue served by Defendants.

Respectfully submitted,

Dated: April 20, 2015

/s Jeffrey P. Dunning
Richard D. Harris
Jeffrey P. Dunning
Matthew J. Levinstein
Paul A. Del Aguila
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400

                                            Attorneys for Plaintiff NATIONAL FINANCIAL PARTNERS CORP.

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on April 20, 2015.

Dated:  April 20, 2015                                                         /s Jeffrey P. Dunning

## **CERTIFICATION**

I hereby certify that, pursuant to Local Rule 37.2, movant has in good faith conferred or attempted to confer with counsel for Defendants in an effort to resolve this dispute without court action.  Specifically, the parties exchanged correspondence regarding this issue, and Jeffrey Dunning, counsel for NFP, and Joseph Titterington, counsel for Defendants, conferred via telephone regarding this issue on April 20, 2015.

Dated:  April 20, 2015                                                         /s Jeffrey P. Dunning